28th April, 1806.
Brevard, J.
delivered the opinion of the ma. jority of the court, (viz. Waties, Brevard, and Wilds.) In this action, the plaintiff declared as executor of Reynolds, on a bond given to his testator. Defendant pleaded that it was not his deed, and thereupon issue was joined to the country. The point in dispute, therefore, upou this record, was not, whether the plaintiff was entitled to sue the bond, and maintain the action thereoo, as *61 executor, but whether the deed declared on was the deed of the defendant, or not. It is usual, in declaring as executor, to make a profert of the letters testameutuiy, to the end that the defendant may, if he chooses, demand oyet thereof, and satisfy himself with respect to the plaintiff’s right to sue as executor, and afford him an opportunity of taking advantage of any impropriety in the granting of them, or of any other defect to which they may be liable. Where the plaintiff declares as executor, and names himself as such, which he" must do, unless he sues in his own right* the defendant may plead that the plaintiff never was executor, and so put that fact in issue. Ne xmques executor is a good plea in abatement. 5 Com. Dig. 576. Defendant may plead to an action against him, as executor, ne ungues executor, in bar. 5 Com. 578. But if the defendant omits to plead that lite plaintiff never was executor, and pleads over to the action, he admits the right of the plaintiff to sue in the character he assumes, and is afterwards estopped to deny that he is executor. Where the plaintiff sues in his own right, as for a conversion of his testator’s property after the testator’s death, there, he must, in order to make out his title to the property, produce his letters testamentary, because, in that case, he does not sue as executor, hut in his own right, and this evidence is necessary to shew his right. See 2 Dali. 108, S. P.
In the present case, the opinion of the court is, that the defendant had no right to demand the letters testamentary, upon the trial of the issue joined between the parties ; and though the plaintiff did produce them, yet this being foreign to the issue, made no difference in the case ; and whether the letters were in due form, or not, was immaterial. It is not necessary to give any opinion on the question, whether letters testamentary, granted in one State, will entitle an executor to act in another State, without proving the will, and obtaining other letters testamentary in that other State.
The opinion of the court, however, upon that point is, that the authority derived from the probate of a will and letters testamentary in another of the United States, will not extend to this, so as to empower.the executor to meddle with the effects, or credits, of the deceased within this State. We do not think that this rule is repugnant to the constitution and law of the United Slates respecting the credit to be given to records and judicial proceedings, and tho au. thenticatiou of them, going from one State into another. An authen. tie'ated copy of the will and probate co.ming from another State, may be received in this, as sufficient evidence of suclt will and probate; but will not authorize the executor, acting by virtue of letters *62 granted in another State, to meddle with property in this State, without first applying for and obtaining letters testamentary in this State; because the ordinaries, within their several precincts, are bound to see to the due application of the assets of persons decease(jj ant] ought to have a coerscing power over those intrusted with the administration of such assets, for the safety and interest of creditors and others within the State.
Note. Bay, J., ought to have let defendant have verdict. See 3 Cr,anch's Reports, Dixon’s executors v, 'Ramsay’s executors, S. P. ruled.
Marshall, C. J. If plainliff maintains his suit by virtue of his letters testa, mentaiy, he can only sue in courts to which the power of those letters extend. Suits for rights of personal property are governed by the laws of the country where brought.
Where plaintiff declared as administrator, without concluding et hie profort curia Lett Adminstr. it was held a defect of form, against which advantage should not be taken on a general demurrer. See 2 Saund. 402. 3 Keb. 61.
Triszevant, J.,
gave the opinion of himself and Grimke, J. The parties chose to put the fact in issue as to the validity of the letters testamentary ; and although there was no such issue on the récord, yet, by agreement between the parties, they placed .the cause ■ on that ground, and this court is bound to decide on that ground. Suppose A. indicted for murdering B. and confesses the fact, and before conviction B. comes into court in full life: would not A. be acquitted ? Here defendant lias admitted that plaintiff is exeo.utor of Reynolds; and plaintiff lias shewn that he is not. What shall the court do'? Allow plaintiff to pursue his action as executor when it is evident that he is not so ? Agreed in the other point as to letters from any other State, being sufficient here.
Motion overruled.